UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John M. Escobar, III

   v.                                      Civil No. 12-cv-167-JL

Richard Gerry, Warden,
New Hampshire State Prison et al.[1]

**O R D E R**

    John M. Escobar, an inmate at the New Hampshire State Prison ("NHSP") has filed a complaint (doc. no. 1), a motion to amend the complaint (doc. no. 12), and a motion for preliminary injunction (doc. no. 13),[2] alleging that NHSP employees and officials have violated his federal constitutional and state law rights. Because Escobar is a prisoner, the matter is before the

---

[1] Escobar has named the following defendants to this action: New Hampshire Department of Corrections Commissioner William Wrenn; and New Hampshire State Prison ("NHSP") employees: Warden Richard Gerry, Lt. Greenwood (first name unknown ("FNU")); Lt. Santo Fiorillo; Cpl. Mike Miller; Nurse Brad Bowden; Corrections Officers FNU Hazard, FNU McDonald, FNU Thurber, and FNU Hill; and NHSP inmate Timothy Zanis.

[2] The factual assertions contained in the complaint (doc. no. 1), the motion to amend the complaint (doc. no. 12), and the motion for injunctive relief (doc. no. 13) filed by Escobar are considered, in the aggregate, to be the allegations in the complaint in this matter for all purposes. While the factual allegations in the motion for injunctive relief will be considered as part of the complaint, I have recommended that the request for injunctive relief be denied in the report and recommendation issued simultaneously with this order.

court for preliminary review to determine whether it states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2). Also before the court is Escobar's motion to release medical records (doc. no. 6).

### Motion to Amend (Doc. No. 12)

The motion to amend (doc. no. 12) is granted and construed as an addendum to the complaint. The factual allegations therein will be considered to be part of the complaint for all purposes.

### Motion to Release Medical Records (Doc. No. 6)

Escobar seeks a court order directing the prison to provide him with a free copy of his medical records pursuant to Fed. R. Civ. P. 26, which governs discovery in a civil action. Because discovery in this matter has not yet commenced, the motion is premature and is therefore denied without prejudice to renewal if the documents requested are discoverable and not provided in the normal course of discovery.[3]

---

[3] Escobar also challenges the constitutionality of the prison charge of twenty cents per page for copies of medical records. Because the motion is denied on other grounds, the court need not address the issue at this time.

**Service**

For reasons fully explained in a report and recommendation issued this date ("the R&R"), the court finds that Escobar has stated Eighth Amendment and state law tort claims upon which relief might be granted against NHSP Corrections Officer Hazard.[4] Accordingly, the Clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement on Acceptance of Service, electronic copies of the R&R, this order, the complaint (doc. no. 1), the motion to amend the complaint (doc. no. 12), and the motion for injunctive relief (doc. no. 13).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit an Acceptance of Service notice to the court specifying whether the defendant has authorized the AG to receive service on his behalf.  When the AG files the Acceptance of Service, service will be deemed made on the last day of the thirty-day period.

If the defendant does not authorize the AG to receive service on his behalf, or the AG declines to represent the defendant, the AG shall, within thirty days from receipt of the aforementioned materials, provide to the court the last known address of the defendant.  In that event, the Clerk's office is

---

[4]In the R&R, the court recommends dismissal of the remaining claims and defendants in the complaint.

3

instructed to complete and issue a summons for the defendant, using the last known address provided, and forward the summons, along with the above-listed documents, to the U.S. Marshal to complete service on the defendant in accordance with this Order and Fed. R. Civ. P. 4(c)(3).

Defendant is instructed to answer or otherwise plead within twenty days of service. See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendant by delivering or mailing the materials to the defendant or his attorney(s), pursuant to Fed. R. Civ. P. 5(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

September 27, 2012

cc: John M. Escobar, III, pro se

LBM/jba