UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


John M. Escobar, III

   v.                                  Civil No. 12-cv-167-JL

John Hazzard[1]


## REPORT AND RECOMMENDATION


Before the court is John Escobar's motion to amend his complaint (doc. no. 19) and defendant's objection thereto (doc. no. 26).  For the reasons stated herein, the motion to amend should be denied.


### Background

After Escobar filed the complaint (doc. no. 1) and an addendum to the complaint (doc. no. 12), this magistrate judge conducted a preliminary review of the pleadings pursuant to U.S.C. § 1915A(a) and this court's local rules.  On September 27, 2012, the court directed service of an Eighth Amendment claim against defendant New Hampshire State Prison ("NHSP") Corrections Officer John Hazzard (doc. no. 15), and issued a report and recommendation, recommending dismissal of the

---

[1]All of the defendants in this action have been dismissed with the exception of John Hazzard.  The Clerk's office is directed to amend the caption of the complaint accordingly.

remaining claims and defendants (doc. no. 14).  Over plaintiff's
objection, the district judge approved the recommendation on
November 13, 2012 (doc. no. 23).  Prior to service on Hazzard
and issuance of the order approving the recommendation to
dismiss the other claims, Escobar filed a motion to amend his
complaint (doc. no. 19).  In the motion to amend, Escobar seeks
to rescind certain claims and to add new claims against
defendants who have been dismissed from this action.

## Discussion

I.   Motion to Amend Standard

Rule 15(a) of the Federal Rules of Civil Procedure
provides, in pertinent part, that a party may amend its pleading
with the court's leave, and that the court "should freely give
leave when justice so requires."  See Fed. R. Civ. P. 15(a)(2).
The court has discretion to deny a motion to amend "'for any
adequate reason apparent from the record,'" see Todisco v.
Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (quoting
Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir.
1994)), including futility of the amendment.  See Todisco, 497
F.3d at 98 (citing Adorno v. Crowley Towing & Transp. Co., 443
F.3d 122, 126 (1st Cir. 2006)).  In evaluating whether a
proposed amendment is futile, the court applies the standard

2

which applies under Fed. R. Civ. P. 12(b)(6).  See Adorno, 443
F.3d at 126.  The court must "take the complaint's well-pled
(i.e., non-conclusory, non-speculative) facts as true, drawing
all reasonable inferences in the pleader's favor, and see if
they plausibly narrate a claim for relief," while "isolat[ing]
and ignor[ing] statements in the complaint that simply offer
legal labels and conclusions or merely rehash cause-of-action
elements."  Schatz v. Republican State Leadership Comm., 669
F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-
Burset, 640 F.3d 1, 7 (1st Cir. 2011)).

II.  Proposed Amendment

    Escobar seeks to rescind a Fourteenth Amendment claim that
had been asserted in his original complaint against NHSP Lt.
Greenwood, and to assert equal protection claims against NHSP
officers Thurber and Hill, against whom he had originally
asserted Eighth Amendment claims.  As to rescission of the
Fourteenth Amendment claim against Greenwood and the Eighth
Amendment claims against Thurber and Hill, the requests are moot
as those claims have already been dismissed from this action.
See Order (doc. no. 23) (approving recommendation to dismiss all
claims in complaint except an Eighth Amendment claim asserted
against defendant Hazzard).

3

Escobar also seeks to add Fourteenth Amendment equal protection claims against Thurber and Hill to this action, presumably concerning their alleged failure to protect him. Generally, to establish an equal protection claim, a plaintiff must demonstrate that: (1) compared with others similarly situated, he was selectively treated; and (2) that the selective treatment was motivated by purposeful discrimination on some improper basis, such as plaintiff's membership in a particular race or religion.  See Hernandez v. New York, 500 U.S. 352, 360 (1991).  Escobar has not stated any facts in his motion to amend suggesting that he was treated in a discriminatory manner or that he was treated differently than any similarly-situated inmate.  Escobar has thus failed to state an equal protection claim against Thurber or Hill, and granting the motion to add such a claim would be futile.

**Conclusion**

For the foregoing reasons, the court should deny the motion to amend (doc. no. 19).  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-

4

Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

November 30, 2012

cc:  John M. Escobar III, pro se

LBM:jba